UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH CARR, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>FREEDOM CARE LLC,<br><br>Defendant. | Docket No.: 5:20-CV-1597 (MAD/TWD)<br><br>**COMPLAINT FOR COLLECTIVE AND CLASS ACTION**<br><br>Jury Trial Requested |

Plaintiff Elizabeth Carr ("Named Plaintiff"), on behalf of the putative class, by her attorneys Gattuso & Ciotoli, PLLC and Virginia & Ambinder, LLP, alleges upon knowledge to herself and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1. This action is brought on behalf of the Named Plaintiff and a putative class of individuals (collectively "Plaintiffs") who are presently or were formerly employed by FREEDOM CARE LLC ("Freedom Care" or "Defendant") to provide personal care, assistance, health-related tasks and other home care services to Defendant's clients within the State of New York.

2. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207, 216(b), and 29 U.S.C. § 778.106, and New York Labor Law § 190 *et seq.*, New York Labor Law § 663, New York Labor Law § 651 *et seq.*, New York Labor Law § 650 *et seq.*, 12 New York Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") §§ 142-2.1, 142-2.2, 142-2.4, 142-2.14, and 142-2.6, and New York Public Health Law § 3614-c to recover wages and benefits which Plaintiffs were statutorily and contractually entitled to receive for work performed for Defendant, along with liquidated damages, including liquidated damages for delayed payments of overtime compensation, minimum wages, and other wages.

3. Beginning in December 2014 and, upon information and belief, continuing through

the present, Defendants have engaged in a policy and practice of failing to pay Named Plaintiff and putative class members all of their earned wages, including failing to pay them for every hour worked, minimum wages, and overtime compensation as required by state and federal law. Defendant has also failed to preserve records required for properly calculating the wages due to Plaintiffs. Defendant has further failed to provide Plaintiffs with proper wage and notice statements as required by the NYLL.

4. Additionally, beginning in approximately December 2014 and continuing to the present, Defendants engaged in a policy and practice of failing to pay Plaintiffs all minimum wages and overtime wages earned in the pay period immediately following the work performed. Instead, Defendants delayed those payments to later pay periods, including overtime compensation and minimum wages Plaintiffs were entitled to under the FLSA and the NYLL. Defendants therefore paid Plaintiffs wages later than seven calendar days after the end of the week in which the wages were earned, and failed to pay Plaintiffs wages earned on Plaintiffs' regularly scheduled pay day.

5. Named Plaintiff has initiated this action seeking for herself, and on behalf of all similarly situated employees who performed work within the State of New York, all minimum wages, overtime compensation, and unpaid wages and damages as owed under the NYLL, the FLSA, and arising from Defendant's breach of contract, plus liquidated damages, including liquidated damages for delayed wage payments, interest, attorneys' fees, and costs.

6. Plaintiffs further seek to recover damages for wage statement and notice violations under the NYLL.

**THE PARTIES**

7. Named Plaintiff is currently a resident of the State of New York.

8. Defendant Freedom Care is a domestic corporation organized under the law of the State of New York, with its principal location at 1979 Marcus Avenue, Suite C-115, Lake Success,

New York 11042. Defendant Freedom Care is primarily engaged in providing nursing and home health aide services at the residences of its clients.

9. At all relevant times, Defendant employed Plaintiffs as defined by New York State Labor Law §§ 651(5) and (6) and applicable regulations, 12 NYCRR § 142-2.14.

10. Defendants is an employer within the meaning contemplated under 29 U.S.C. §§ 203(d) and 206(a).

11. Defendant assigned Plaintiffs tasks, set their work schedule, and controlled their day-to-day work.

12. Defendant maintained substantial control of the working conditions of Named Plaintiff and putative class members and over the unlawful policies and practices alleged herein.

13. Defendants used Plaintiffs' labor for its benefit.

14. Defendants maintain the authority to hire and fire Named Plaintiff and putative class members, control the rates of pay, and control their schedules.

15. Named Plaintiff and putative class members are Defendant's employees, within the meaning contemplated, pursuant to the NYLL Article 19 § 651, et seq. and the supporting New York State Department of Labor Regulations.

## JURISDICTION

16. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under New York Labor Law.

17. The statute of limitations under FLSA, 29 U.S.C. § 255(a), for willful violations is three (3) years.

18. The statute of limitations under New York Labor Law § 198(3) is six (6) years.

## VENUE

19. Venue for this action in the Northern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of New York.

## FLSA COLLECTIVE ACTION AND CLASS ALLEGATIONS

20. This action is properly maintainable as a collective action pursuant to the FLSA 29 U.S.C. § 216(b) and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

21. This action is brought on behalf of the Named Plaintiff and a class consisting of each and every person employed by Defendant to provide personal care, assistance, health-related tasks and other home care services to Defendant's clients within the State of New York, including but not limited to home health aides, home health assistants, and those working under the Consumer Directed Personal Assistance Program during the period from December 2014 up to the present (the "class").

22. The putative class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is presently unknown to Plaintiffs, and calculation of such number would require facts in the sole control of Defendant, upon information and belief the size of the putative class is believed to be in excess of 100 individuals. In addition, the names of all potential members of the putative class are not known.

23. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to, whether Defendant engaged in a pattern and practice of: (1) making unlawful deductions from the earned wages of Named Plaintiff and putative class members, including but not limited to whether Defendants paid Plaintiffs only for their scheduled shift time rather an paying them for all hours actually worked; (2) failing to pay Plaintiffs the minimum wage for all hours worked; (3)

failing to pay Plaintiffs overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of 40 hours in any given week; (5) failing to keep contemporaneous, true and accurate records for all hours worked by Plaintiffs, as required by NYLL § 661 and 12 NYCRR § 142-2.6; (5) failing to provide proper wage statements and notices as required by the NYLL; (6) failing to pay Plaintiffs all minimum wages and overtime wages due under the NYLL and the FLSA earned in the pay period immediately following the work performed, and delaying those payments to later pay periods; and (7) paying Plaintiffs all wages due under the NYLL and the FLSA later than seven calendar days after the end of the week in which the wages were earned.

24. The claims of the Named Plaintiff are typical to the claims of the class, because she is a former home health care employee of Defendant who sustained damages, including underpayment of wages as a result of Defendant's common compensation policies and practices. The defenses that Defendant is likely to assert against Named Plaintiff's claims are typical of the defenses that Defendant is likely to assert against the class.

25. Named Plaintiff and her counsel will fairly and adequately protect the interests of the putative class. Named Plaintiff has retained counsel experienced in complex wage and hour class action litigation.

26. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiff and putative class members lack the financial resources to adequately prosecute separate lawsuits against Defendant. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies.

**FACTS**

27. Named Plaintiff was, at all relevant times, a home health care attendant employed in New York by Defendant to provide personal home health care and assistance to Defendant's clients in their homes.

28. Named Plaintiff worked for Defendant as a home attendant from approximately April 2019 until approximately September 2019.

29. While employed by Defendant, Named Plaintiff provided services to homebound, disabled and/or ailing elderly clients, including but not limited to, personal care services, such as assistance with dressing, bathing and personal grooming, cooking and feeding, changing diapers, heavy cleaning such as mopping and cleaning bathrooms, doing laundry and taking out garbage, and making appointments.

30. Named Plaintiffs maintained her own residences, and did not "live" in the homes of Defendant's clients or in the home of their employer, nor was she an "exempt companion" of the Defendant's clients.

31. During her employment, over twenty-five percent of Named Plaintiff's duties were physical tasks.

32. Despite regularly spending more than twenty-five percent of her shift performing these physical tasks, Defendant paid Named Plaintiff wages later than seven calendar days after the end of the week in which the wages were earned.

33. Defendant failed to pay Named Plaintiff all wages earned in the pay period immediately following the work she performed, and delayed those payments to later pay periods, including overtime compensation and minimum wages under the FLSA and the NYLL.

34. Named Plaintiff typically worked from approximately 4:00 p.m. until approximately 1:00 a.m. approximately six days per week, resulting in approximately 54 hours of

work per week. Plaintiff occasionally worked seven days per week from approximately 4:00 p.m. until approximately 1:00 a.m., resulting in approximately 63 hours of work per week.

35. Defendants paid Named Plaintiff approximately $11.10 per hour during her employment, although she was not paid for every hour that she worked, and payments for all hours worked were not timely made.

36. Defendants paid Named Plaintiff approximately $16.65 per hour during her employment for some hours worked over forty in a week, although she was not paid for every hour that she worked beyond forty in a week, and payments for all hours worked beyond forty in a week were not timely made.

37. Defendant regularly paid Named Plaintiff according to her scheduled work hours per shift, regardless of how many hours Named Plaintiff actually worked.

38. .Although Named Plaintiff generally worked more than 40 hours per week, Defendant did not pay Named Plaintiff overtime wages, at the rate of one and one-half times her regular rate for all hours worked in excess of 40 hours in any given week.

39. Defendant made unlawful deductions from Named Plaintiff's earned wages which were not made for her benefit and were not authorized by Named Plaintiff.

40. Defendant failed to establish, maintain, and preserve contemporaneous, true and accurate records that accurately reflect all hours worked by Named Plaintiff on a daily and weekly basis and Named Plaintiff's times of arrival and departure from the homes of Defendant's clients.

41. Plaintiffs performed the same and/or similar work to that of the Named Plaintiff.

42. Like Named Plaintiff, while employed by Defendant, Plaintiffs provided services to homebound, disabled and/or ailing elderly clients, including but not limited to, personal care services, such as assistance with dressing, bathing and personal grooming, cooking and feeding,

changing diapers, heavy cleaning such as mopping and cleaning bathrooms, doing laundry and taking out garbage, making appointments, escorting clients to the doctor, and making transportation arrangements.

43. Similar to Named Plaintiff, the putative class members did not "live" in the homes of Defendant's clients, nor were they "exempt companions."

44. Like Named Plaintiff, during their employment, over twenty-five percent of Plaintiffs' duties were physical tasks

45. Like Named Plaintiff, despite regularly spending more than twenty-five percent of their shift performing these physical tasks, Defendant paid Plaintiffs wages later than seven calendar days after the end of the week in which the wages were earned.

46. Like Named Plaintiff, Defendant failed to pay Plaintiffs all wages earned in the pay period immediately following the overtime and other work performed, and delayed those payments to later pay periods, including overtime compensation and minimum wages under the NYLL and the FLSA.

47. Like Named Plaintiff, the putative class members generally worked more than 40 hours per week, but were not paid for every hour that they worked.

48. Like Named Plaintiff, the putative class members generally were not paid overtime wages at the applicable overtime hourly rate for all hours worked in excess of 40 hours in any given week.

49. Like Named Plaintiff, Defendant made unlawful deductions to Plaintiffs' earned wages which were not made for their benefit and were not authorized by Plaintiffs.

50. Defendant maintained a practice and policy of failing to pay Plaintiffs for all hours worked.

51. Defendants knew, should have known, or had reason to know that Plaintiffs were working time for which they were not compensated.

52. Defendants permitted and/or pressured Plaintiffs to work without compensation.

53. Despite Defendants' actual or constructive knowledge that Plaintiffs were working time for which they were not compensated, Defendant took no affirmative steps whatsoever to prevent the performance of such work and/or to track the hours Plaintiffs worked.

54. At all relevant times, pursuant to NYLL § 661 and 12 NYCRR § 142.2.6, Defendants were required to establish, maintain and preserve for not less than six years, weekly payroll records that show for each putative class member, among other information, the number of hours worked daily and weekly, including the time of arrival and departure of each employee, including those working a split shift or spread of hours exceeding ten hours.

55. Upon information and belief, Defendants failed to establish, maintain and preserve contemporaneous, true and accurate records for Named Plaintiff and putative class members that accurately reflect, *inter alia*, all hours worked by Plaintiffs on a daily and weekly basis, Plaintiffs' time of arrival and departure from the homes of Defendants' clients.

56. Named Plaintiff and putative class members are "Home Care Aides" within the meaning of NY Public Health Law § 3614-c.

57. Defendant Freedom Care is a "certified home health agency," "long term home health care program," "managed care plan" and/or "licensed home care services agency" that furnishes "home care aide" within the meaning of NY Public Health Law § 3614-c.

58. Upon information and belief, Defendant entered into contract(s) with government agencies, and/or subcontracts, which called for Defendant to pay Plaintiffs prevailing rates of wages and benefits as required by NY Public Health Law § 3614-c.

59. Upon information and belief, the schedule of prevailing rates of wages and benefits to be paid all workers furnishing labor pursuant to the contracts and/or subcontracts, was included in and formed a part of the contract(s).

60. Beginning in or about December 2014, Plaintiffs furnished labor to Defendant in furtherance of Defendant's performance of the contract(s). Nevertheless, Defendant willfully paid Plaintiffs less than the prevailing rates of wages and benefits to which Plaintiffs were entitled.

61. The agreement to pay Plaintiffs the prevailing rates of wages and benefits as required by NY Public Health Law § 3614-c was made for the benefit of Plaintiffs.

62. Pursuant to NY Public Health Law § 3614-c, governmental agencies "must obtain a written certification from the licensed home care services agency or other third party, on forms prepared by the department in consultation with the department of labor, which attests to the licensed home care services agency's or other third party's compliance with the terms of this section. Such certifications shall also obligate the certified home health agency, long term home health care program, or managed care plan to obtain, on no less than a quarterly basis, all information from the licensed home care services agency or other third parties necessary to verify compliance with the terms of this section. Such certifications and the information exchanged pursuant to them shall be retained by all certified home health agencies, long term home health care programs, or managed care plans, and all licensed home care services agencies, or other third parties for a period of no less than ten years, and made available to the department upon request."

63. Upon information and belief, Defendant made the required certifications concerning compliance with the wage provisions of NY Public Health Law § 3614-c.

64. Upon information and belief, Defendant willfully paid Plaintiffs less than the rates

of wages and benefits to which Named Plaintiffs and members of the putative class were entitled.

65. Defendant's actions as described herein were intentional and not made in good faith.

**FIRST CAUSE OF ACTION**
**UNPAID FLSA MINIMUM WAGE COMPENSATION**

66. Plaintiffs repeat and reallege the allegations set forth in the proceeding paragraphs.

67. Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than -- (A) $5.85 an hour, beginning on the 60th day after May 25, 2007; (B) $6.55 an hour, beginning 12 months after the 60th day; and (C) $7.25 an hour, beginning 24 months after the 60th day [July 24, 2009]."

68. Defendant is an employer within the meaning contemplated under 29 U.S.C. §§ 203(d) and 206(a).

69. Plaintiffs are employees, within the meaning contemplated pursuant to 29 U.S.C. §§ 203(e), (m) and 206(a).

70. Plaintiffs were, during all relevant times, engaged in commerce or in the production of goods for commerce, or were employed in an enterprise engaged in commerce or in the production of goods for commerce.

71. None of the exemptions of 29 U.S.C. § 213 apply to Named Plaintiff or other similarly situated employees.

72. Upon information and belief, Defendant violated the FLSA by failing to Plaintiffs

minimum wages for all hours worked in any given week.

73. Upon information and belief, Defendant's failure to pay Plaintiffs their rightfully owed wages was willful.

74. By the foregoing reasons, Defendant is liable Plaintiffs in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, and attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**UNPAID OVERTIME COMPENSATION UNDER THE FLSA**

75. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

76. The FLSA and its implementing regulations require compensation for all work performed, including overtime compensation.

77. Defendant did not compensate Plaintiffs at the rates required by the FLSA for all work Plaintiffs performed.

78. Pursuant to the FLSA, 29 U.S.C. § 207, "no employer shall employ any of their employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives overtime compensation for their employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

79. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

80. Plaintiffs are "employees," within the meaning contemplated in the FLSA, 29

U.S.C. § 203(e).

81. Defendants are "employer[s]," within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d), and consequently, are liable for violations of the FLSA.

82. Defendants failed to pay Plaintiffs all earned overtime wages, at the rate of one-and one-half times the regular rate of pay, for the time in which they worked after the first forty (40) hours in any given workweek.

83. Defendant's failure to pay Plaintiffs their rightfully owed wages and overtime compensation was willful.

84. By the foregoing reasons, Defendants are liable to Plaintiffs and members of the Putative Collective in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

**THIRD CAUSE OF ACTION**
**FLSA DELAYED PAYMENTS**

85. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

86. Defendants have repeatedly engaged in a pattern and practice of failing to pay Plaintiffs all minimum wages, overtime wages, and other wages owed during the regular pay period in which the work was performed, pursuant to 29 U.S.C. § 778.106.

87. Plaintiffs are entitled to an amount of wages equal to the untimely-paid FLSA wages as "liquidated damages" under Section 16(b) for the FLSA, 29 U.S.C. § 216(b).

88. Defendants have violated the FLSA by failing to pay minimum wages, overtime wages, and other wages to Plaintiffs on the next scheduled payday after the work was performed.

89. The failure of Defendants to pay Plaintiffs their rightfully owed wages and overtime compensation and minimum wages in a timely manner as required by FLSA and its implementing regulations was willful.

90. By the foregoing reasons, Defendant is liable to Plaintiffs in an amount to be determined at trial, constituting liquidated damages in the amount equal to the amount of unpaid wages owed each pay period to Plaintiffs, plus interest, attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**
**NYLL MINIMUM WAGE**

91. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

92. Title 12 NYCRR § 142-2.1 states that, "(a) [t]he basic minimum hourly rate shall be: . . . (3) $8.00 per hour on and after December 31, 2013; (4) $8.75 per hour on and after December 31, 2014; (5) $9.00 per hour on and after December 31, 2015" and for the "[r]emainder of state (outside of New York City and Nassau, Suffolk and Westchester counties) . . . $ 9.70 per hour on and after December 31, 2016; $ 10.40 per hour on and after December 31, 2017; $ 11.10 per hour on and after December 31, 2018."

93. NYLL § 663 provides that, "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

94. At all relevant times to this action, Plaintiffs were Defendant's employees within the meaning of NYLL §§ 190(2) and 651(5) and 12 NYCRR § 142-2.14.

95. At all relevant times to this action, Defendant was the employer of Plaintiffs within the meaning of NYLL § 190(3) and 651(6).

96. Defendant failed to pay Plaintiffs the statutory minimum wage for all hours worked in violation of the NYLL § 652 and 12 NYCRR § 142-2.1.

97. Defendant willfully violated the rights of Plaintiffs by failing to pay them wages due and owing for work performed in violation of NYLL.

98. Due to Defendant's NYLL violations, Plaintiffs are entitled to recover from Defendant their unpaid minimum wages, in an amount to be determined at trial, plus interest, attorneys' fees and costs pursuant to NYLL §§ 190 et seq., and §§ 650 et seq.

**FIFTH CAUSE OF ACTION**
**UNPAID NYLL OVERTIME COMPENSATION**

99. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

100. 12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

101. NYLL § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

102. Upon information and belief, Plaintiffs worked more than forty hours a week while working for Defendant.

103. At all relevant times to this action, Defendant failed to pay Plaintiffs one- and one-half times their hourly rate for all hours worked in excess of forty per work week, in violation of New York Labor Law§§ 650 et seq. and 12 NYCRR § 142-2.2.

104. Defendant's failure to pay wages and overtime compensation to Plaintiffs for work performed after the first forty hours worked in a week was willful.

105. By the foregoing reasons, Defendant has violated NYLL § 663 and 12 NYCRR § 142-2.2 and are liable to Plaintiffs and other members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

**SIXTH CAUSE OF ACTION**
**NYLL FAILURE TO PAY WAGES**

106. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

107. Pursuant to the Article Six of the NYLL, workers, such as the Plaintiffs are protected from wage underpayments and improper employment practices.

108. Pursuant to NYLL § 191 and the cases interpreting same, workers such as Plaintiffs are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

109. Pursuant to NYLL § 193, "No employer shall make any deduction from the wages of an employee," such as Plaintiffs and the putative class members, that is not otherwise authorized by law or by the employee.

110. Defendant has failed to pay Plaintiffs all wages due, including Plaintiffs' agreed upon hourly rate, minimum wages, overtime wages, as well as wages under the NY Health Care Worker Wage Parity Act, for the hours they each worked for Defendant.

111. By withholding wages and overtime payments for time worked after forty hours in one week from Plaintiffs, pursuant to NYLL § 193 and the cases interpreting same, Defendant made unlawful deductions in wages owed to Plaintiffs.

112. Defendant's failure to comply with the NYLL caused Plaintiffs to suffer loss of wages and interest thereon.

113. Defendant's failure to comply with the NYLL was willful.

114. Due to Defendant's violations of the NYLL, Plaintiffs are entitled to recover from Defendant their unpaid wages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**SEVENTH CAUSE OF ACTION**
**BREACH OF CONTRACT**

115. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

116. Upon information and belief, Defendant entered into contract(s) with government

agencies, and/or subcontracts, that required Defendant to pay Plaintiffs wages as required by NY Public Health Law § 3614-c.

117. Upon information and belief, the schedule of prevailing rates of wages and benefits to be paid all workers furnishing labor pursuant to the contracts was included in and formed a part of the contract(s) and/or subcontracts.

118. Beginning in or about December 2014, Plaintiffs furnished labor to Defendant in furtherance of Defendant's performance of the contract(s).

119. Defendant willfully paid Plaintiffs than the prevailing rates of wages and benefits to which Plaintiffs were entitled and breached their obligation to pay Plaintiffs all wages they were due as required by NY Public Health Law § 3614-c.

120. Upon information and belief, at all times relevant to this complaint, Defendant was required to certify and did certify that it paid Plaintiffs wages as required by NY Public Health Law § 3614-c.

121. Plaintiffs, as third-party beneficiaries of Defendant's contract(s) with government agencies, and/or subcontracts, to pay wages as required by the NY Health Care Worker Wage Parity Act, are entitled to relief for the breach of this contractual obligation, plus interest.

**EIGHTH CAUSE OF ACTION**
**NYLL § 195(3) WAGE STATEMENT VIOLATION**

122. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

123. Pursuant to Section 195(3) of the NYLL, every employer shall furnish each employee with a statement with every payment of wages that identifies, among other things, "the dates of work covered by that payment of wages; name of employee; name of employer address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any,

claimed as part of the minimum wage; and net wages. For employees who are not exempt from overtime compensation . . . the statement shall the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

124. Pursuant to Section 198(1-d) of the NYLL, an employee that does not receive a wage statement, as required by NYLL § 195(3), may bring a civil action to recover damages of $250 for each work day that the violation occurs or continues to occur, but not to exceed $5,000.

125. Defendant did not furnish Plaintiffs with accurate wage statements each week that identify, among other things, the number of regular and overtime hours worked, or the number of regular time or overtime compensation earned for each week in which the work was performed.

126. Defendant violated NYLL § 195(3) by failing to provide Plaintiffs with wage statements containing the information required by NYLL § 195(3).

127. Defendant repeated failure to provide Plaintiffs with wage statements in violation of NYLL § 195 was willful.

128. As a result of Defendant's unlawful acts, Plaintiffs have been deprived of the appropriate wage statements, and Defendant is liable to Plaintiffs in the statutory amounts, plus attorney's fees, costs and any other damages permitted under the NYLL.

**WHEREFORE**, Plaintiffs demands judgment:

(1) on their first cause of action against Defendant, Plaintiffs seek an amount to be determined at trial including all statutory damages permitted under the FLSA, plus liquidated damages, interest, attorneys' fees and costs;

(2) on their second cause of action against Defendant, Plaintiffs seek an amount to be determined at trial including all statutory damages permitted under the FLSA, plus liquidated damages, interest, attorneys' fees and costs;

(3) on their third cause of action against Defendant, Plaintiffs seek an amount to be determined at trial including all statutory damages permitted under the FLSA, including liquidated damages, plus interest, attorneys' fees and costs;

(4) on their fourth cause of action against Defendant, Plaintiffs seek an amount to be determined at trial including all statutory damages permitted under the NYLL, plus liquidated damages, interest, attorneys' fees and costs;

(5) on their fifth cause of action against Defendant, Plaintiffs seek an amount to be determined at trial including all statutory damages permitted under the NYLL, plus liquidated damages, interest, attorneys' fees and costs;

(6) on their sixth cause of action against Defendant, Plaintiffs seek an amount to be determined at trial including all statutory damages permitted under the NYLL, plus liquidated damages, interest, attorneys' fees and costs;

(7) on their seventh cause of action against Defendants, Plaintiffs seek to recover an amount to be determined at trial including any wages as required by the NY Health Care Worker Wage Parity Act, plus interest, and all other damages permitted thereunder;

(8) on their eighth cause of action against Defendants, Plaintiffs seek an amount to be determined at trial including all statutory damages permitted under the NYLL, including liquidated damages, plus interest, attorneys' fees and costs;

(9) such other and further relief the Court deems just and proper.

Dated: New York, New York
    December 22, 2020

By:   /s/ James E. Murphy
James E. Murphy, Esq.
VIRGINIA & AMBINDER, LLP
40 Broad Street, 7th Floor
New York, New York 10004
Tel:   (212) 943-9080
Fax:   (212) 943-9082
jmpurhy@vandallp.com

and

Frank S. Gattuso, Esq.
GATTUSO & CIOTOLI, PLLC
The White House
7030 E. Genesee Street
Fayetteville, New York
315-314-8000
315-446-7521 (fax)
fgattuso@gclawoffice.com

*Attorneys for the Plaintiff and Putative Class*